Argued September 19, reversed and remanded November 3, 1972

STATE OF OREGON, *Respondent, v.* JAMES RAY
FRANKLIN (No. 37854), *Appellant.*

502 P2d 392

*F. E. Glenn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Doyle L. Schiffman,* District Attorney, Roseburg, argued the cause for respondent. With him on the brief was Stephen H. Miller, Deputy District Attorney, Roseburg.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

SCHWAB, C.J.

■ Defendant was indicted for murder pursuant to ORS 163.115, convicted by a jury, and appeals, asserting as error the denial of his motion for a mistrial. He also contends that ORS 163.115(4), which requires imposition of a life sentence for murder, violates Oregon Constitution, Art I, §§ 15 and 16. Defendant cites no authority for this latter proposition, and we hold it has no merit.

The evidence showed that a two-year-old child, Jody Lee St. George, died from suffocation caused by tape having been placed in and over his mouth. Defendant had been living with Mrs. St. George and her three children, including Jody Lee. A 17-year-old girl, Pamela Thomas, a niece of the defendant, was also staying in the home the night of Jody Lee's death. She normally slept in the room where Jody Lee slept. Neither Mrs. St. George nor Miss Thomas was called as a witness by either party during the trial.

The defendant took the stand in his own behalf

and testified at length. He admitted doing the acts that caused Jody Lee's death, but asserted such acts were done only to discipline the child.

■ The mistrial motion arose during closing arguments to the jury. Defense counsel argued:

"Now, did the State present all of the evidence that was available to convince your minds he did it? And you can only say, no, they didn't. Mrs. St. George was not called to testify nor this little 17-year-old niece, whom Mr. Schiffman was characterizing as 'couldn't stand it any longer'. Now, this is his categorization, because she didn't come here and say that she moved out because she couldn't stand it any longer. There is not even any evidence where she went to bed that night. Maybe she went to bed out there on the floor—we don't know—but she isn't here to testify, you see."

In rebuttal, the district attorney responded:

"Now, he made some comment about my not calling two witnesses. One of those witnesses was the niece, that 17-year-old niece that stayed in the room. The purpose of placing that before you is that it appears to be that she would somehow say something disadvantageous to the State and, therefore, we avoided calling her, afraid of what she might say, or what you might hear from her. So, to counter that, I would advise you at this point that the defendant had her under subpoena."

Defense counsel then objected that the district attorney's last comment went beyond the evidence and moved that it be stricken. This motion was granted.

Continuing his rebuttal, the district attorney stated:

"* * * The record in the case will reflect who subpoenaed this witness and if she was available here to testify. Secondly, comment was made about the additional defendant in this case, Bonnie St.

George, not being called. She has constitutional rights as a defendant not to testify, but, secondly, at this trial, the State sought to introduce in evidence a video tape of her testimony, and this was objected to by counsel, so that you could not see that tape regarding her testimony."

Defendant's mistrial motion was based on this comment.

Concerning the district attorney's comment as to why Miss Thomas was not called, we note the court not only sustained defendant's objection, but also told the jury:

"* * * Preliminarily, you are advised that there was a motion made during the State's closing argument to strike certain remarks made by the State concerning the witness Pam Thomas. This motion was granted because it was based on matters not in evidence before the jury. So those remarks, ladies and gentlemen, in the course of the State's argument should be entirely disregarded by you in your deliberations * * *."

Assuming the comment about Miss Thomas's being under defendant's subpoena improperly went beyond the evidence, at the least the court, by its ruling and instruction, attempted to eliminate any prejudicial effect.

Consideration of the district attorney's comment concerning Mrs. St. George requires setting forth additional facts.

Exhibit 18 was a video tape of statements taken from defendant and Mrs. St. George each alone, and then together, following their arrests. Exhibit 19 was a cassette tape recording of additional separate statements made by them. Both exhibits were offered *in camera* at the beginning of defendant's trial.

With reference to Exhibit 18 defense counsel did not object to defendant's statements or the joint statement made by defendant and Mrs. St. George; he did object to the statement of "Mrs. St. George alone." The court inquired whether her statement could be taken off the tape. The answer was that it could be bypassed so that the "jury may not see it." The following then occurred:

"THE COURT:  * * * I just as soon limit the exhibit to the portions involving Mr. Franklin, either separately or jointly with Mrs. St. George.

"[THE DISTRICT ATTORNEY]:  * * * I don't think we will push that issue, Your Honor. Except for a practical problem, I would take it off, and so I can represent to the Court, I can bypass it and it's sandwiched in between the statement of the defendant alone and then the statement of the two of them together, but I can pass that by.

"* * * * * *

"THE COURT:  * * * [L]et Exhibit 18 be received with the exception of that portion of 18 which contains the separate statement of Mrs. St. George. That part will—*is not offered, I understand,* and will not be received." (Emphasis supplied.)

As for Exhibit 19, the cassette tape recording, the district attorney said, "* * * we are requesting only that portion as pertains to James Franklin be admitted."

From the foregoing it becomes apparent that the district attorney either never offered or withdrew the offer of Mrs. St. George's statement "alone" on both the video and audio tapes. Therefore, when the district attorney argued:

"* * * secondly, at this trial, the State sought

> to introduce in evidence a video tape of her testimony, and this was objected to by counsel, so that you could not see that tape regarding her testimony,"

he was not only improperly going outside the record of what occurred before the jury and referred to evidence which had been excluded because it obviously was improper, but he was also misstating the facts because he had withdrawn his offer to introduce Mrs. St. George's video-taped statement in evidence and had not been refused on his offer of the part of the tape that showed the joint statement.

We quoted above the court's corrective instruction to the jury concerning the remarks about the availability of Miss Thomas as a witness. The next succeeding sentences in the court's instruction were:

> "* * * With respect to the remarks made concerning Witness Bonnie St. George, a portion of the trial occurred out of your presence and in the course of that the defendant objected to the introduction of any out-of-court statement allegedly made by this person. The objection was sustained by the court and no such statement was permitted to be introduced in the course of the trial."

Aside from the inaccuracy of facts related in the instruction, the court did not indicate that the jury should disregard the remarks of the district attorney concerning the video tapes. Coming as these two sentences of the instruction did, immediately after the specific instruction concerning the treatment that should be given to the district attorney's remarks concerning Miss Thomas, we conclude that the jury was likely to believe that it could consider the improper and inaccurate remarks concerning Mrs. St. George.

The district attorney's remarks were error and they were not corrected. The error was necessarily prejudicial in nature.

Reversed and remanded.